# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER JORDAN PERRY,<br><br>    Defendant. | Case No. CR-24-158-RAW |

## ORDER

On October 28, 2024, the Government filed notice pursuant to Federal Rule of Evidence 609 of intent to impeach the Defendant with his prior felony convictions, all in the State of Oklahoma, for: (1) assault, battery, or assault and battery in 2020; (2) larceny of an automobile in 2020; (3) battery / assault and battery on a police officer in 2020; (4) endangering others while eluding / attempting to elude police in 2020; (5) trafficking in illegal drugs – methamphetamine in 2020; and (6) distribution of a controlled substance in 2012. Docket No. 19.

On November 6, 2024, the Government filed notice of intent to offer evidence under Federal Rule of Evidence 404(b), specifically: (1) on October 10, 2024, a federal grand jury returned a single count Indictment for possession of methamphetamine with intent to distribute after the Defendant was found with 52.6 grams of methamphetamine while in a correctional facility; (2) the Defendant's arrest for first degree burglary and subsequent admissions that he had methamphetamine on his person; and (3) the Defendant's prior convictions for drug trafficking methamphetamine, Case No. CF-2018-598 in Carter County, Oklahoma and

distribution of a controlled substance, Case No. CF-2011-454 in Carter County, Oklahoma. Docket No. 26.

Now before the court are the Defendant's objection to the Government's Rule 609 notice of intent to impeach with prior convictions [Docket No. 21], the Defendant's motion in limine to exclude the bases for his underlying arrest [Docket No. 23], and the Defendant's objection to the Government's Rule 404(b) notice, and in the alternative, fourth motion in limine [Docket No. 40]. The Government has not filed a written response to any of these filings.

At the outset, the court notes that some of the items listed in the Government's Rule 404(b) notice are not Rule 404(b) evidence, but instead are *res gestae*. As acknowledged by the defense, the evidence of the discovery of the 52.6 grams of methamphetamine in the Defendant's jail cell and any subsequent admissions are *res gestae*.

In its notice, Docket No. 26, the Government argued that the reasons for the Defendant's arrest are also part and parcel of the underlying crime. At the pretrial conference, however, the Government stated that it will stipulate that the Defendant was in the Marshall County Jail at the time of the alleged offense and will not state the nature of the underlying arrest. The parties were yet unable to reach a stipulation on this matter, as the defense prefers to add that the underlying charges were ultimately dismissed.[1] The Defendant's motion in limine to exclude the bases for his underlying arrest [Docket No. 23] and that portion of the Defendant's objection to the Government's Rule 404(b) notice that pertains to the nature of the underlying arrest [Docket No. 40] are hereby GRANTED. The Government may not elicit evidence of the bases or nature of the underlying arrest. The defense may note that the underlying charges were dismissed.

---

[1] The defense offered the following stipulation:
   Before the time of the alleged offense, the defendant, Tyler Jordan Perry, had been lawfully arrested and placed in the Marshall County Jail on unrelated charges that were ultimately dismissed. He was still in custody at the time of the alleged offense.

The final issue in the Government's Rule 404(b) notice is the Defendant's former drug convictions. Those convictions occurred in 2020 and 2011.[2] The Government proffers that the former drug convictions should be admitted for rebuttal purposes to show knowledge and intent. The defense argues that the former drug convictions are not relevant and that the probative value of the evidence is substantially outweighed by its prejudicial effect.

Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*.

The court considers four factors in weighing admissibility under Rule 404(b): "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Burgess*, 576 U.S. 1078, 1098 (10th Cir. 2009) (citing *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001).

The court agrees that the former drug convictions are offered for a proper purpose – to show knowledge and intent. The Tenth Circuit "has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia*, that the defendant had the knowledge or intent necessary to commit the crimes charged." *United States*

---

[2] The Government lists the second conviction in its Rule 609 notice as occurring in 2012, but the judgment and sentence were filed on December 29, 2011. https://odcr.com/detail?court=010-&casekey=010-CF++1100454A.

3

*v. Gabourel*, 692 Fed.Appx. 529, 546 (10th Cir. 2017) (citing *United States v. Watson*, 766 F.3d 1219, 1236 (10th Cir. 2014) (collecting cases)).  The Defendant's intent will become a central issue in this case if the defense argues or puts on evidence that he was "simply a user" of methamphetamine.

The defense argues that the former drug convictions are not relevant because they are stale.  As noted above, the listed convictions in CF-2018-598 and CF-2011-454 took place in 2020[3] and 2011,[4] respectively.  The court agrees that the 2011 conviction, being more than ten years old, is stale.  The 2020 conviction, however, is relevant.

The probative value of the 2020 drug trafficking conviction evidence is not substantially outweighed by the prejudicial effect.  As the Tenth Circuit has noted, "relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense." *Tan*, 254 F.3d at 1211.  Evidence "is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *Id*. at 1211-12.  Here, the evidence is highly probative of the Defendant's intent, and the court does not believe that one prior drug conviction will provoke a jury to convict the Defendant on an improper basis.

Accordingly, the Defendant's objection to the Government's Rule 404(b) notice that pertains to the nature of the underlying arrest [Docket No. 40] are hereby GRANTED in part and DENIED in part with regard to the former drug convictions.  It is granted as to the 2011 conviction and denied as to the 2020 conviction.

---

[3] https://odcr.com/detail?court=010-&casekey=010-CF++1800598.
[4] https://odcr.com/detail?court=010-&casekey=010-CF++1100454A.

Finally, the court addresses the Defendant's objection to the Government's Rule 609 notice of intent to impeach with prior convictions.  Rule 609 allows, subject to Rule 403, impeachment of a witness's character for truthfulness with evidence of a criminal conviction.  As noted by the defense, the court considers: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).  The convictions for assault and battery, larceny of a motor vehicle, and endangering others while eluding police will not be allowed.  As the Defendant argues, the Government has made no showing that these convictions make it more or less likely that the Defendant is a truthful or honest person.

As stated above, the 2011 drug conviction also will not be allowed.  The 2020 drug conviction, however, will be allowed.  That evidence is highly probative of the Defendant's intent should he attempt to prove that he had no intent to distribute the methamphetamine.  The court has carefully weighed its probative value and prejudicial effect and finds that the probative value is not substantially outweighed by its prejudicial effect.  The Defendant's objection to the Government Rule 609 notice [Docket No. 21] is therefore GRANTED in part and DENIED in part.

**SUMMARY**

The Defendant's motion in limine to exclude the bases for his underlying arrest [Docket No. 23] is GRANTED.  The Defendant's objection to the Government's Rule 404(b) notice, and in the alternative, fourth motion in limine [Docket No. 40] is GRANTED in part and DENIED in part as stated above.  The Defendant's objection to the Government's Rule 609 notice of intent to

impeach with prior convictions [Docket No. 21] is hereby is GRANTED in part and DENIED in part as stated above.

    **IT IS SO ORDERED** this 5th day of December, 2024.

                                    **THE HONORABLE RONALD A. WHITE**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **EASTERN DISTRICT OF OKLAHOMA**